GEORGE W. GILBERT *v.* CIVIL SERVICE COMMISSION OF THE CITY OF NEW BRITAIN

KING, C. J., ALCORN, HOUSE, COTTER and THIM, Js.

Argued November 7—decided December 10, 1969

*Harold J. Geragosian,* for the appellant (plaintiff).

*Harold I. Koplowitz,* for the appellee (defendant).

COTTER, J.  Following promotional examination procedures under the city's merit act and the rules of civil service, the plaintiff was promoted to the rank of detective in the New Britain police department in 1965.  His promotion to detective was a certified appointment, a final one made from an eligible list, and he was on tenure in that position.  On April 27, 1967, after a hearing, the board of police commissioners found him guilty of four charges of misconduct and demoted him to the rank of patrolman.  Thereafter, the civil service commission, upon an appeal properly taken to it, acquitted the plaintiff of one of the charges and upheld the board's decision to demote him.  The plaintiff has taken an appeal to this court from the judgment of the Court of Common Pleas dismissing his appeal.

The parties have stipulated and in their briefs agree that the issue to be determined is "[w]hether the Commission, in upholding the Board, had the power to demote the Appellant [the plaintiff] for an alleged violation of departmental rules, or whether its power was limited to a maximum 30-day suspension."

Under the terms of the charter of the city of New Britain there exists a civil service commission endowed with the express power to "adopt and amend rules and regulations for the administration" of civil service "which shall have the force and effect of law." New Britain Charter § 302 (1961); 30 Spec. Laws 409, No. 420 § 302. Section 392 of the charter provides, inter alia, that no person holding, by final appointment, an office or position classified and graded under civil service shall be removed, discharged or reduced in rank or pay except for just cause; that a person removed, discharged or reduced shall be furnished, by the appointing authority making the removal, with the reasons in writing for such action; and that a copy of that writing shall be immediately forwarded to the civil service commission. That section also provides for an appeal to the commission, establishes the procedures for such appeal and specifically states that nothing in the chapter on civil service shall limit the power of an appointing authority to suspend a subordinate for a reasonable period not exceeding thirty days for violating departmental rules.

On April 14, 1967, the board of police commissioners notified the plaintiff to appear at a public hearing to be conducted by it to answer nine charges preferred against him by the board. Only three of these charges are pertinent to our present discussion since the others were dismissed after a hearing held by either the board or the commission. Each of the three charges specifically alleged neglect of duty and violation of departmental rules, all in violation of rule 13, subsections (4) and (5), of the rules of the civil service commission. The notice in addition to enumerating the charges continued: "You are advised that you may be discharged or suspended

under said Rules [sic] and are therefore entitled to be represented by legal counsel and to present witnesses or evidence in your own behalf and defense." The charges were made as a result of the manner in which the plaintiff, acting as a detective, made some inquiries after receiving information from a police officer which relayed suspicion tending to implicate a superior officer in a possible larceny.

The civil service commission pursuant to the charter had adopted certain rules including rule 13 regarding discipline. The pertinent portion of rule 13 reads as follows: "[A]n appointing authority may suspend an employee without pay for a period not to exceed thirty (30) days for any justifiable cause including the following: . . . (4) Neglect of duty. (5) Violation of departmental rules." It is significant that the charges originally filed, on which the hearing before the board was held, specifically charged the plaintiff with a violation of the portion of rule 13 quoted above and that the notice sent to the plaintiff of the board's decision particularly stated that the decision of the board to demote him was likewise based on the quoted portion of the same rule, but that both documents additionally specified in each sentence describing the rule violation a specific departmental rule claimed to have been violated. The affirmation of the action of the board by the commission was similarly based on the charges as specified by the board of police commissioners. The so-called rules and regulations of the police department are contained in a book introduced into evidence as an exhibit, and they antedate the introduction of the civil service act into the city of New Britain.

The statutory provisions of the merit system act or the civil service rules establish the conditions and procedures governing the discipline of civil service

employees and must be followed to effect a lawful disciplinary action. Such an employee is entitled to the protection specifically provided by the civil service act in effect. *Turrill* v. *Erskine,* 134 Conn. 16, 21, 54 A.2d 494; *Hanley* v. *Murphy,* 40 Cal. 2d 572, 581, 582, 255 P.2d 1; *Peckham* v. *Mayor of Fall River,* 253 Mass. 590, 592, 149 N.E. 622; 15 Am. Jur. 2d, Civil Service, §§ 33, 34; 67 C.J.S., Officers, §§ 59 (a), 62 (b). The rules and regulations of the civil service commission have the force and effect of law; New Britain Charter § 302 (1961); 30 Spec. Laws 409, No. 420 § 302; and the charges brought against an employee in civil service are limited to the statements made in the notice. *West New York* v. *Bock,* 38 N.J. 500, 522, 186 A.2d 97. Demotion in office by assigning the employee to a lower position in the same service has been held to be included in the phrase "removal from office" and is a removal from one position and an appointment to a lower position. *Smith* v. *Darby School District,* 388 Pa. 301, 303, 130 A.2d 661; 67 C.J.S., Officers, § 59 (a). It is therefore a judicial question whether the causes assigned constituted grounds for the action taken or whether, as claimed by the plaintiff, the course taken was not justified. *Molino* v. *Board of Public Safety,* 154 Conn. 368, 374, 375, 225 A.2d 805.

Under the terms of the charter of the city of New Britain, the board of police commissioners has the general management and control of the police department and shall make necessary rules and regulations for its government, but the charter specifically provides that this power is "subject to the rules and regulations of the civil service commission." New Britain Charter § 1903 (1961); 30 Spec. Laws 456, No. 420 § 1903.

Under the circumstances, rule 13 is controlling in

the present case and therefore limits the permissible penalty to be imposed for the violations charged to a suspension without pay for a period not to exceed thirty days. The civil service act and rules have preempted this particular feature of the disciplinary procedure as adopted for the police department, and strict compliance with every requirement of the civil service law is mandatory. *Ziomek* v. *Bartimole,* 156 Conn. 604, 610, 244 A.2d 380. The charges assigned could not under the civil service commission rule constitute proper grounds for demoting the plaintiff from the rank of detective to that of patrolman; the action of the commission therefore was illegal. *Molino* v. *Board of Public Safety,* supra, 380.

There is error, the judgment is set aside and the case is remanded with direction to render judgment sustaining the appeal, reinstating the plaintiff in the position from which he was demoted and returning the case to the civil service commission for further action limited to the question of the proper penalty to be imposed in accordance with this opinion.

In this opinion the other judges concurred.