State ex rel. Farley, Appellant, v. Board of School Directors of the City of Milwaukee and others, Respondents.*

No. 53. *Argued January 5, 1971.—Decided February 5, 1971.*
(Also reported in 183 N. W. 2d 148.)

*Motion for rehearing denied, with costs, on March 30, 1971.

For the appellant there were briefs and oral argument by *Milton S. Padway* of Milwaukee.

For the respondents there was a brief by *John J. Fleming,* Milwaukee city attorney, and *Carl F. Kinnel,* assistant city attorney, and oral argument by *Mr. Kinnel.*

BEILFUSS, J. The motion to quash a writ of mandamus serves the same purpose as a demurrer to a complaint. The basic issue is—do the facts alleged in the amended petition state a cause of action. The facts (but not the conclusions or statements of law) as pleaded are, for the purpose of the motion, considered to be true and the petition is to be liberally construed.

We believe the contentions of the parties are within these three issues:

(1) Did the plaintiff-appellant acquire permanent tenure as an employee of the Board of School Directors in an administrative position pursuant to sec. 3.08 of the rules adopted by the Board of School Directors?

(2) If he did not acquire tenure as an administrator under sec. 3.08 of the school rules, did he acquire tenure rights in that capacity as a civil service employee pursuant to sec. 63.53, Stats.?

(3) In any event, is he entitled to a hearing to determine if sufficient grounds existed to remove him from his administrative position?

Pursuant to the power conferred by sec. 119.09 (2), Stats., the Board of School Directors of the city of Milwaukee has enacted rules which control, among other things, the appointment, tenure, and discharge of various personnel employed by the board. Included in Article III of these rules is sec. 3.08, which provides:

"**Tenure.** In the event assistant superintendents or other members of the administrative or supervisory staffs who have acquired permanent tenure as teachers, assistants to the principal, vice-principals or principals before appointment to the administrative or supervisory staffs wish to return to their former status, they shall be restored to the status of permanently employed teachers, assistants to the principal, vice-principals, or principals, and to their respective salary schedules. Such persons shall be entitled to annual automatic salary increments as teachers, assistants to the principal, vice-principals, or principals, for the period of their service on the administrative or supervisory staffs upon being restored to their former status. Persons who have acquired permanent tenure before appointment to the administrative or supervisory staffs shall be deemed to have a leave of absence from their former position while serving on the administrative or supervisory staffs.

"Assistant superintendents or other members of the administrative or supervisory staffs who have not acquired permanent tenure before appointment to such staffs shall, after three full years of satisfactory service as an appointed member of such administrative or supervisory staffs, be granted permanent tenure as to the school system but not as to any specific position on the administrative or supervisory staffs. The conditions precedent to such permanent tenure with respect to health clearance, certification and other matters shall be the same as those required of teachers.

"Upon recommendation of the superintendent and approval by the committee on appointment and instruction and the board of school directors, any member of the administrative or supervisory staffs who has gained

permanent tenure as provided above may be reassigned to any other educational position within the school system for which he is properly qualified, and his salary shall be set at the appropriate step in the established schedule for such position.

"Assistant superintendents or other members of the administrative or supervisory staffs who have gained permanent tenure as provided above shall be subject to the provisions of sections 3.44 and 3.45 in the same manner as teachers and principals."

This section deals with members of the administrative and supervisory staffs who have acquired permanent tenure prior to their appointment to such staffs as well as those who have not. In the instant case the plaintiff-appellant acquired tenure as a teacher prior to his appointment. He argues that because he had permanent tenure prior to his appointment the restriction in the second paragraph of sec. 3.08, with respect to permanent tenure as to the school system but not as to any specific staff position, does not apply. By including the restriction in the case of those acquiring tenure after appointment, and not in the case of those who had tenure prior to their appointment, appellant concludes that the intention was to grant employees such as himself tenure in their administrative positions.

The trial court found that it was not the intent of this section to establish tenure in any specific staff position. We agree with this conclusion.

Although this court has not had occasion to interpret the tenure provisions of the rules applicable to the Milwaukee public school system, certain guidelines may be deduced from decisions in other jurisdictions which have considered similar questions. Teacher tenure laws are in derogation of the common law, creating a contract between the parties by operation of law, and therefore are to be strictly construed. The scope of the tenure created by the statute, or in this case the board rule enacted pursuant to statute, must be determined from the lan-

guage of the section and cannot be broadened beyond the intent of the legislature. *See* generally: *Lester v. Board of Education of School Dist. No. 119* (1967), 87 Ill. App. 2d 269, 230 N. E. 2d 893; *Street v. Ferndale Board of Education* (1960), 361 Mich. 82, 104 N. W. 2d 748; *School City of Peru v. State ex rel. Youngblood* (1937), 212 Ind. 255, 7 N. E. 2d 176; *Boody v. School Committee of Barnstable* (1931), 276 Mass. 134, 177 N. E. 78.

The only provisions of sec. 3.08 which deal with persons who have acquired tenure prior to their staff appointment are those contained in the first paragraph and, clearly, nothing in that paragraph purports to extend their prior tenure or create new tenure in an administrative capacity. All of the remaining provisions of the section are specifically applicable to those persons who have acquired permanent tenure as to the school system while on the staff, and are prefaced by the language "have gained permanent tenure as provided above."

The plaintiff-appellant relies primarily on the third paragraph of the section providing for approval of reassignments by the committee on appointment and instruction and the board of school directors. He argues that it could not be the intent to provide this protection to those who did not have permanent tenure prior to their staff appointment while denying it to those who did. However, this argument does not recognize that those who acquired tenure prior to their staff appointment are in a significantly different position from those who did not. The section specifies that those who had tenure prior to their appointment shall be restored to their prior status and respective salary schedules, and be entitled to automatic salary increments for the period of their service on the board. However, in the case of those who acquire tenure while on the administrative or supervisory staffs, this tenure is only as to the school system and

they do not enjoy the protection of having acquired tenure as to some particular status. Without the special procedure afforded them in the third paragraph such persons could arbitrarily be reassigned to any, even to a lower, status within the school system. This is not the case with employees who have acquired tenure prior to their staff appointment and by the terms of the section are deemed to have a leave of absence from their former status. Contrary to appellant's contention, this section of the rules does not give the same protection for both types of employees and his argument is without foundation.

Therefore we are of the opinion that appellant has not stated a cause of action under sec. 3.08 because the section does not purport to create tenure in any particular position on the administration or supervisory staffs; and it does not provide for committee or board approval of the reassignment of any person who has acquired permanent tenure as a teacher prior to his staff appointment, but only for those who have acquired tenure as to the school system in the manner provided by the section. Further, we conclude that reference to secs. 3.44 and 3.45 provides no basis for any complaint because those sections indicate that they apply to the suspension or discharge from the school system of permanently tenured employees and he was neither discharged nor suspended from the school system.

The plaintiff-appellant's second argument is that even if he did not acquire tenure in his administrative position pursuant to the board rules he should be afforded tenure rights under ch. 63, Stats. In particular, appellant relies on sec. 63.44, which provides:

"**Provisions for removals not to apply to certain departments.** The provisions of the above section shall not apply to removals of persons in any department of the city where such department is under the supervision and control of a board or commission of three or more members,

but every such board or commission shall establish rules relating to the removal, discharge or reduction of employes in its department; provided, however, that no such employe shall be removed, discharged or reduced for religious or political reasons and any removed, discharged or reduced employe shall have the right to a trial and determination by such board or commission, or by a committee duly appointed by said board or commission as to whether there existed sufficient grounds for his removal, discharge or reduction and the determination of such board or commission, or of the committee when approved by the board or commission, shall be final in the matter. The right of suspension is granted boards and commissions included under this section the same as is elsewhere provided for in this act."

The plaintiff-appellant seeks to bring himself within the provisions of this chapter under sec. 63.53, Stats., which provides:

"School board employes. All officers and employes of the school board of any city of the first class with the exceptions hereinafter set forth, shall be selected and have their tenure and employment status determined in accordance with ss. 63.18 to 63.51 and the rules adopted thereunder and the charter ordinances applying to the board of city service commissioners of each city, such exceptions to include the following employes who shall not be members of the classified service: superintendents, secretary-business manager of the board of school directors, assistant superintendents, principals, teachers and substitute teachers actually engaged in teaching, high school librarians who qualify under s. 43.22 (lm) but not including assistant or clerk-librarians, and, in any department of any such school board devoted wholly or principally to the subjects of municipal recreation and adult education, all employes of such department whose duties are peculiar thereto but not including employes whose duties are clerical or custodial."

He argues that since the position which he held, under both its old and new titles, does not fall within the exclusions specified in this section, it was intended that the position be included under city civil service and that he

could not be removed without a hearing as set forth in sec. 63.44, Stats. Respondents contend that all persons on the superintendent's staff must be certified as teachers and, as such, they are not members of the classified service and therefore not subject to the provisions of the chapter.

It should also be noted that sec. 63.53, Stats., provides that the school board employees who are subject to city civil service shall be selected according to the civil service provisions as well as have their tenure and employment status so determined. Therefore it would be incumbent upon plaintiff-appellant to allege facts which tend to establish that the position which he held was in fact a civil service position before he be allowed to claim the benefits of the chapter. Sec. 63.23 provides that the commission shall classify all offices and positions which fall within its realm, and sec. 63.40 provides for the classification of special expert positions, including those of a professional character. Sec. 63.41 provides for the filling of such positions where competitive examinations are impracticable. In addition, sec. 63.27 provides for the exemption from the civil service law of city service positions where, in the judgment of the commissioners, they cannot advantageously be subjected to public service.

The plaintiff-appellant is arguing that he should be afforded the benefit of a hearing under sec. 63.44, Stats., but he has not established that the position which he held was in fact classified as a civil service position. The contrary would seem to be true in view of the fact that he was selected and appointed to the position by the superintendent of schools with the approval of the board pursuant to specific statutory authority. Sec. 119.09 (2). In the absence of a showing that his position was classified as a civil service position it would be just as logical to assume that the position, though not excluded under sec. 63.53, was exempted under sec. 63.27.

We are of the opinion that the plaintiff-appellant has failed to allege sufficient facts to bring himself within the purview of the Milwaukee civil service law, and therefore has failed to state a cause of action under ch. 63, Stats.

In his amended petition, the plaintiff-appellant alleges, among his other grounds, that upon reassignment from his administrative position to a teaching position he was entitled to a hearing pursuant to sec. 2.22 of the board rules. The trial court found that the right to a hearing under these sections would be dependent upon the premise that appellant had acquired tenure in his administrative capacity, and therefore the sections were inapplicable.

Sec. 2.22 (1) provides:

"Whenever a classified employe or other employe, unless otherwise provided for in these rules, shall have been reduced in status, penalized, suspended, or discharged and shall request a hearing, the committee on rules and complaints shall conduct the hearing."

It is our opinion that the plaintiff-appellant was "otherwise provided for in these rules," namely sec. 3.08, and that sec. 2.22 (1) has no application. There is no question but that the plaintiff-appellant had tenure as a teacher and that under the rules he was considered to be on a leave of absence while engaged in an administrative position. If he had tenure as a teacher the rules did not provide he could obtain tenure in an administrative position too. He can insist on his tenure rights as a teacher under sec. 3.08, which provides, in part, as follows:

"In the event assistant superintendents or other members of the administrative or supervisory staffs who have acquired permanent tenure as teachers, assistants to the principal, vice-principals or principals before appointment to the administrative or supervisory staffs wish to return to their former status, they shall be restored to the status of. . . ."

Because plaintiff-appellant has tenure rights as a teacher he cannot claim tenure rights to an administrative position.

We conclude that the petition of the plaintiff-appellant, together with the amendment thereto, do not state a cause of action against the defendants under either the rules of the Board of School Directors of the City of Milwaukee nor the applicable statutes.

*By the Court.*—Judgment affirmed.