GEORGE DELAGORGES *v.* BOARD OF EDUCATION OF THE TOWN AND CITY OF WEST HAVEN ET AL.

GEORGE RICHARDS *v.* BOARD OF EDUCATION OF THE TOWN AND CITY OF WEST HAVEN ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued December 12, 1978—decision released February 20, 1979

---

*John M. Gesmonde,* for the appellants (plaintiff in each case).

*Robert E. Reilly,* for the appellees (defendants in each case).

PETERS, J.  These cases arise out of the transfer of two educators employed by the West Haven school system from positions as administrators to positions as teachers.  When the defendant board of education of the town of West Haven[1] refused to reinstate their administrative contracts, the plaintiffs, George Delagorges and George Richards, appealed to the Court of Common Pleas.  That court, after a limited evidentiary hearing,[2] dismissed their appeals and rendered judgments accordingly.  The plaintiffs are now appealing from

---

[1] The suits were filed against the defendant board as a body and against the individual members of the board of education.  For convenience, all of these parties will be deemed included in all references to the defendant board.

[2] The court received testimony to supplement the record before the board of education on only two matters, whether the defendant's reorganization plan had created positions clearly different from the positions formerly held by the plaintiffs, and whether the defendant had acted "with gross negligence or in bad faith or with malice" in coming to its decisions.  See General Statutes § 10-151 (f).

those judgments to this court. Since their cases involve similar facts and identical issues, we treat them in one opinion.

The basic facts are not in dispute. The plaintiff George Delagorges had served in the West Haven school system for twenty-one years as of July 1, 1976. He had been an administrator for four years, an assistant principal at the high school for three years. The plaintiff George Richards had served in the West Haven school system for twenty-four years as of July 1, 1976. He had been an administrator for thirteen years, the principal of the high school for twelve years.

On October 6, 1975, after an extensive study in which both plaintiffs participated, the defendant adopted a reorganization plan for the West Haven High School, whose accreditation was then in jeopardy. The plan substituted for the existing administrative positions of principal and assistant principal a number of new administrative posts: three house leaders, three assistant house leaders, and an instructional improvement coordinator. Both plaintiffs applied for positions under the reorganization plan, but neither was selected. The plaintiffs were notified of the elimination of their old administrative positions on June 29, 1976, and were subsequently reassigned to positions as teachers at substantial reductions in pay. They protested their reassignments, first to the defendant and then to the trial court.

The plaintiffs' appeals raise a number of questions concerning the manner of their transfer. The trial court concluded, however, that it was preliminarily obligated to ascertain its own jurisdiction to entertain these appeals. On this crucial issue, the

court found against the plaintiffs, determining that there was a lack of appellate jurisdiction under either General Statutes §§ 4-166 et seq., the Uniform Administrative Procedure Act, or § 10-151, the Teacher Tenure Act.

There is no inherent right to judicial review of administrative actions. This court has repeatedly held that appeals to the courts from administrative officers or boards may be taken only when a statute provides authority for judicial intervention. *Norwich Land Co.* v. *Public Utilities Commission,* 170 Conn. 1, 6, 363 A.2d 1386 (1975); *Miller* v. *Board of Education,* 166 Conn. 189, 191, 348 A.2d 584 (1974); *Tazza* v. *Planning & Zoning Commission,* 164 Conn. 187, 190, 319 A.2d 393 (1972); Maltbie, Conn. App. Proc. § 1. The Supreme Court of the United States has recently confirmed these holdings, stating that "the Due Process Clause of the Fourteenth Amendment [does] not guarantee [teachers] that the decision to terminate their employment would be made or reviewed by a body other than the School Board." *Hortonville Joint School District No. 1* v. *Hortonville Education Assn.,* 426 U.S. 482, 497, 96 S. Ct. 2308, 49 L. Ed. 2d 1 (1976).

The only Connecticut legislation that currently authorizes appeals from the decisions of school boards is the Teacher Tenure Act, General Statutes § 10-151 (f).[3] Boards of education are now excluded

---

[3] "[General Statutes] Sec. 10-151. EMPLOYMENT OF TEACHERS. NOTICE AND HEARING ON TERMINATION OF CONTRACT. . . . (f) Any teacher aggrieved by the decision of a board of education after a hearing as provided in subsection (b) of this section may appeal therefrom, within thirty days of such decision, to the court of common pleas for the county or judicial district in which such board is located. . . . The board of education shall file with the court a copy of the complete transcript of the proceedings of the hearing held by the board of education or by an impartial hearing panel for

from the jurisdiction of the Uniform Administrative Procedure Act, General Statutes §§ 4-166 et seq.; *Mauriello v. Board of Education,* 176 Conn. 466, 469, 408 A.2d 247 (1979); *Adamchek v. Board of Education,* 174 Conn. 366, 369, 387 A.2d 556 (1978).

Under the Teacher Tenure Act, judicial review is afforded to school board actions that "terminate" the employment of a tenured school teacher. The question before us is whether the plaintiffs are entitled to invoke § 10-151 (f) when they are terminated as administrators but retained as teachers. Put another way, have the plaintiffs, by virtue of their certification as administrators and their many years of administrative service, acquired tenure *as administrators?*

The plaintiffs argue that they have tenure as administrators because they were employed for more than three continuous years under individual administrative contracts. They point to § 10-151 (c) which defines the term "teacher" to include any "employee of a board of education, below the rank of superintendent." They urge that the reference in § 10-151 (b) to "the contract of employment of a teacher"[4] which is continuously renewed unless

such teacher, together with such other documents, or certified copies thereof, as shall constitute the record of the case appealed from. The court, upon such appeal, shall review the proceedings of such hearing and shall allow any party to such appeal to introduce evidence in addition to the contents of such transcript, if it appears to the court that additional testimony is necessary for the equitable disposition of the appeal. The court, upon such appeal and after a hearing thereon, may affirm or reverse the decision appealed from. Costs shall not be allowed against the board of education unless it appears to the court that it acted with gross negligence or in bad faith or with malice in making the decision appealed from."

[4] General Statutes § 10-151 (b) provides, in relevant part: "Beginning with and subsequent to the fourth year of continuous employment of a teacher by a board of education, the contract

terminated for cause means the specific contract of employment to a particular position rather than the generic contract of employment as a teacher. They claim therefore that a statutory "termination" has occurred as a consequence of their respective dismissals as assistant principal and principal even though their employment relationship with the defendant board of education has concededly not been severed.

This question is a matter of first impression in this state. The language of § 10-151 is sufficiently open-ended so that it might be read either to encompass or to deny the plaintiffs' claim. The recorded legislative history suggests that the statute was

of employment of a teacher shall be renewed from year to year, except that it may be terminated at any time for one or more of the following reasons: (1) Inefficiency or incompetence; (2) insubordination against reasonable rules of the board of education; (3) moral misconduct; (4) disability, as shown by competent medical evidence; (5) elimination of the position to which the teacher was appointed, if no other position exists to which he may be appointed if qualified; or (6) other due and sufficient cause; provided, prior to terminating a contract, a board of education shall give the teacher concerned a written notice that termination of his contract is under consideration . . . . Within twenty days after receipt from a board of education of written notice that contract termination is under consideration, the teacher concerned may file with such board a written request for a hearing, which shall be held within fifteen days after receipt of such request, either before the board of education or, if indicated in such request or if designated by the board, before an impartial hearing panel. . . . Within fifteen days after the hearing before an impartial hearing panel, such panel shall submit in writing its findings and a recommendation to the board of education as to the disposition of the charges against the teacher, and shall send a copy of such findings and recommendation to the teacher. The board of education shall give the teacher concerned its written decision within fifteen days of receipt of the written recommendation of the impartial hearing panel. . . . If the hearing is before the board of education, the board shall render its decision within fifteen days of such hearing, and shall send a copy of its decision to the teacher."

primarily intended to provide judicial review for teachers dismissed for cause; *Miller* v. *Board of Education,* supra, 194–95; it sheds no light on the applicability of the statute to administrators transferred because of a school reorganization. In view of the more elaborate legislative enactments in other jurisdictions, which specifically address administrative reassignments and transfers resulting in reduction in pay, the comparative simplicity of our statute makes it likely that the legislature gave no consideration to the problem of administrative tenure.

The question therefore becomes whether we should take this opportunity, in the absence of explicit legislative direction, to construe the Teacher Tenure Act to provide tenure for administrators not as teachers but as administrators. We are of course cognizant of the importance that has been attached by our legislature and by our cases to the protection of teachers in their professional role. *Mauriello* v. *Board of Education,* supra, 472; *Herzig* v. *Board of Education,* 152 Conn. 144, 151, 204 A.2d 827 (1964). But judicial review of a contest involving a dismissed teacher's right to a fair hearing is a quite different matter from judicial review of administrative discretion to determine and to implement educational policy. That discretion also has been recognized by our cases: *Light* v. *Board of Education,* 170 Conn. 35, 40, 364 A.2d 229 (1975); *West Hartford Education Assn., Inc.* v. *DeCourcy,* 162 Conn. 566, 583, 295 A.2d 526 (1972). As the trial court observed, judicial interposition into every reassignment of teaching or administrative personnel would carry substantial potential for administrative chaos. In states whose statutes expressly cover the contracts of administrators, both the procedures and the grounds for judicial review often

differ sharply from those that govern teacher tenure. See, e.g., Cal. Educ. Code §§ 44893, 44951; Iowa Code Ann. §§ 279.23—279.25.

The facts of the cases before us illustrate the wisdom of restricting tenure to teachers until the legislature, or a local charter; see *Cammisa* v. *Board of Education,* 175 Conn. 445, 399 A.2d 521 (1978); instructs us to the contrary. The plaintiffs lost their administrative positions for reasons unrelated to their personal competence; their reassignments were not, in statutory terms, "for cause." The trial court found that the defendant school board's plan for reorganization was a genuine response to perceived educational exigencies and not a surreptitious device to remove the plaintiffs from their administrative offices. The plaintiffs' own participation in the formulation of the reorganization plan that was destined to abolish their former positions demonstrates that both they and the defendant have acted in good faith throughout these proceedings. Neither the reorganization of West Haven High School, nor the appointment of other individuals to the positions created by the reorganization, nor the reassignment of the plaintiffs was motivated by malice, negligence, bad faith, or any personal animus toward either plaintiff.[5] A good faith reorganization is a far cry from a contested termination for cause. Cf. *Wheeler* v. *School District No. 20 in County of El Paso,* 535 P.2d 206 (Colo. 1975); *Lane* v. *Board of Education of Fairbury-Cropsey Community Unit School Dis-*

---

[5] The defendant conceded at oral argument that an administrative error had been made in the form of the teaching contract sent to the plaintiffs upon their reassignment. From all that appears, there is no reason to suppose that the defendant was denying the plaintiffs' status as tenured teachers, or that the error in form was anything other than a clerical oversight.

*trict No. 3,* 38 Ill. App. 3d 742, 348 N.E.2d 470 (1976); *Kaplan* v. *School Committee of Melrose,* 363 Mass. 332, 294 N.E.2d 209 (1973); *State ex rel. Farley* v. *Board of School Directors of City of Milwaukee,* 49 Wis. 2d 765, 183 N.W.2d 148 (1971).

Since the trial court was correct in its conclusion that it had no jurisdiction to hear these appeals, we need not consider its alternate rulings about the propriety of the proceedings below were § 10-151 to have been held applicable. The fact that the defendant provided the plaintiffs an administrative hearing does not authorize a judicial appeal.

There is no error on either appeal.

In this opinion the other judges concurred.