WILLIAM P. CANDELORI ET AL. *v.* BOARD OF EDUCATION OF THE CITY OF NEW BRITAIN ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, SPEZIALE and PETERS, Js.

Argued December 11, 1979—decision released March 11, 1980

*Russel L. Post, Jr.,* with whom was *O. Bradford Griffin, Jr.,* for the appellants (defendants).

*John M. Gesmonde,* for the appellees (plaintiffs).

COTTER, C. J.  The three plaintiffs in the present action were employed by the New Britain board of education for at least three years in administrative positions when they were notified that they were being reassigned to teaching positions for the 1976-1977 school year with substantial reduction in their salaries.  Due to a substantial decrease in student enrollment, the positions of two of the plaintiffs were consolidated and the position

of the third plaintiff was eliminated when the school to which he had previously been assigned was closed. The plaintiffs requested a hearing concerning their reassignments but none was afforded them. Although the plaintiffs accepted employment in their reassigned positions, they commenced the present action alleging that their reassignments were in fact dismissals and seeking reinstatement to their administrative positions until the defendant board dismisses them, if it so chooses, in accordance with the provisions of the Teacher Tenure Act; General Statutes § 10-151; and the New Britain charter. An appeal from the decision of the trial court against the plaintiffs Candelori and Paris was taken by them to the Appellate Session of the Superior Court and the defendant board also took an appeal from the decision in favor of the plaintiff Krusz. The Appellate Session held that the reassignment of each of the plaintiffs was an improper dismissal in that the provisions of neither the Teacher Tenure Act nor the New Britain charter had been followed by the defendant board. The case was remanded to the trial court for further proceedings. The defendant board's petition for certification for review was granted in order to consider the issues presented in this case in light of the court's decision in *Delagorges* v. *Board of Education,* 176 Conn. 630, 410 A.2d 461.

Shortly after the decision of the Appellate Session was rendered, this court decided the case of *Delagorges* v. *Board of Education,* supra, where it was held that the trial court did not have jurisdiction under § 10-151 (f) of the General Statutes to review, following a hearing conducted pursuant to § 10-151 (b), the decision of the board of education to reassign the plaintiffs from their administrative

positions to teaching positions. In so holding, this court concluded that the reassignment of the plaintiffs did not constitute a termination of their respective contracts within § 10-151 (b) so as to trigger judicial review under the provisions of the Teacher Tenure Act, § 10-151 (f), with the result that the plaintiffs, although employed in their administrative positions for longer than three years, were not afforded the protection of that act. With regard to the applicability of the Teacher Tenure Act to the present plaintiffs, the decision in *Delagorges* is controlling. Accordingly, whatever relief may be available to the plaintiffs must be found, if at all, in the New Britain charter. See id.

Section 917 of the New Britain charter provides in part: "No permanent teacher serving in the schools of New Britain shall be dismissed except for cause . . . unless such action is necessitated by the elimination of a position resulting from a substantial decrease in school enrollment or by a change in school curriculum or school organization which is demonstrably desirable." That section further provides certain seniority and reemployment rights for dismissed teachers. As a threshold matter, the plaintiffs must establish that they were dismissed in order to avail themselves of the substantive and procedural rights afforded by the charter. We conclude that the plaintiffs were not dismissed as that term is used in the charter.

The plaintiffs rely on broad language contained in *Cammisa* v. *Board of Education,* 175 Conn. 445, 399 A.2d 521, to support their claim that they were in fact dismissed from their administrative positions even though they were contemporaneously rehired for teaching positions. In determining

whether the local charter or the Teacher Tenure Act applied to the plaintiffs in *Cammisa,* we concluded that the non-renewal of a non-tenured teacher's contract constituted a dismissal as that term is utilized in § 10-151 (d) of the General Statutes so as to make applicable the tenure provisions of the Waterbury charter. The holding of *Cammisa* is inapposite since, unlike the situation in that case, the plaintiffs in the present case remain employed in the New Britain school system.[1]

Our conclusion is supported by the definition, in § 913 of the New Britain charter, of the term "tenure" to "apply to each individual insofar as certificated employment is concerned, but shall not apply to the position held by the employee." The plaintiffs urge that the inclusion of that definition compels the conclusion that the plaintiffs are protected within their administrative rank and cannot be reassigned outside of that rank without the protections afforded by the charter. We note that the language of the charter "is sufficiently open-ended so that it might be read either to encompass or to deny the plaintiffs' claim." *Delagorges,* supra, 6. But, for the reasons more fully stated in *Delagorges,* we conclude that the definition of the term tenure in § 913 of the charter requires only that the plaintiffs remain employed in positions for which a certificate issued by the state department of education is required. Since the plaintiffs were reassigned to such certificated positions, they were not dismissed

---

[1] The plaintiffs' further reliance on *Gilbert* v. *Civil Service Commission,* 158 Conn. 578, 265 A.2d 67, is misplaced since that case involved the demotion of a police detective and the applicability of the civil service provisions of the New Britain charter which provide procedural and substantive rights upon the removal, discharge or reduction in rank or pay of a qualifying employee.

within the meaning of the New Britain charter and hence the protections contained therein do not apply to them.

There is error, the judgment is set aside and the case is remanded with direction to render judgment in favor of the defendants.

In this opinion the other judges concurred.