[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Issue
Should the plaintiff's application to vacate an arbitration award be granted on the ground that the arbitrators incorrectly applied Connecticut General Statutes Section 38-175c(a)(1)(B) to the plaintiff's claim for uninsured motorist coverage?
Facts
The parties have stipulated to the following facts. The plaintiff, John Smallridge, was injured in a May 14, 1984 motor vehicle accident which was caused by the negligence of an uninsured driver, Joseph Bustamente. At the time of the accident, the plaintiff was operating a motorcycle owned by him which was not insured. At the time of the accident, the plaintiff resided with his parents, Shirley and John Smallridge, Jr., who owned two vehicles insured by the defendant Phoenix Insurance Company under a policy providing "stacked" uninsured motorist benefits totalling $40,000. The plaintiff's injuries and damages exceed $40,000. Pursuant to the terms of the policy and Connecticut General Statutes Section 38-175c(a)(1), the plaintiff and defendant submitted the plaintiff's claim for uninsured motorist benefits to a three-member arbitration panel. The arbitration panel rendered a unanimous written decision dated September 4, 1990, finding that the Phoenix policy does not provide coverage to the plaintiff who was operating his own uninsured motorcycle at the time of the accident, pursuant to the provision of Connecticut General Statutes Section 38-175c(a)(1)(B), as amended by Connecticut Public Act No. 83-461. Pursuant to Connecticut General Statutes Section 52-418, the plaintiff asks this Court to vacate the arbitration award. The plaintiff's application is opposed by the defendant.
The standard of judicial review of an arbitration award rendered pursuant to compulsory arbitration proceedings, such as the arbitration of uninsured motorist claims required by Connecticut General Statutes Section 38-175c(a)(1), is higher than that of awards rendered pursuant to voluntary arbitration. American Universal Insurance Co. v. DelGreco, 205 Conn. 178, CT Page 4145 188 (1987). Where, as here, there is a stipulation of facts, "the reviewing court must conduct a de novo review of the interpretation and application of the law by the arbitrators." Id. at 191.
The parties have stipulated that the sole issue in dispute is whether Connecticut General Statutes Section 38-175c(a)(1)(B), as amended by Connecticut Public Act No. 83-461, precludes uninsured motorist benefits for a claimant who is injured while operating an uninsured motorcycle owned by the claimant.
Connecticut General Statutes Section 38-175c(a)(1), as amended by Connecticut Public Act No. 83-461, provides in pertinent part:
 No insurer shall be required to provide uninsured motorist coverage to (A) a named insured or relatives residing in his household when occupying, or struck as a pedestrian, by an uninsured or underinsured motor vehicle or a motorcycle that is owned by the named insured, or (B) to any insured occupying an uninsured or underinsured motor vehicle owned by such insured.
The parties do not dispute that the motorcycle which the plaintiff was operating was not owned by the "named insured" under the policy and, therefore, sub-part (A) does not apply. The sole issue is whether a motorcycle is a "motor vehicle" for purposes of sub-part (B). If it is, there is no coverage for this plaintiff. If it is not, there is coverage.
"In interpreting a statute, the court must ascertain and give effect to the intent of the legislature." White v. Burns, 213 Conn. 307, 311 (1990). If the language of the statute is clear, the court need look no further than the words themselves which are assumed to express the intention of the legislature. Id. If there is an ambiguity, the court must seek to ascertain the actual intent by looking to the words of the statute itself, the legislative history and circumstances surrounding the enactment of the statute, and the purpose of the statute. Id.
The Court finds that the language of Connecticut General Statutes Section 38-175c(a)(1)(B) is clear and that the term "motor vehicle" includes motorcycles and, therefore, this plaintiff is not entitled to coverage. Words used in statutes "shall be construed according to the commonly CT Page 4146 approved usage of the language. . ." Connecticut General Statutes Section 1-1; Cos Cob Volunteer Fire Co. No. 1, Inc. v. FOIC, 212 Conn. 100, 105 (1989). The term "motor vehicle" is commonly defined as: "A self-propelled, wheeled conveyance that does not run on rails." The American Heritage Dictionary, 817 (2d College Ed. 1985). Further, when a statute does not define a term, it is appropriate to focus upon the term's dictionary meaning and its common understanding as expressed in the law. Builders Service Corp. v. PZC, 208 Conn. 267, 276
(1988). Although Chapter 681 of the General Statutes, concerning casualty and other insurance, does not define the term "motor vehicle," this term is defined in Chapters 246 and 248, concerning motor vehicles and vehicle highway use. Connecticut General Statutes Sections 14-1 and 14-212. In those contexts, "`motor vehicle' means any vehicle propelled or drawn by any nonmuscular power, except aircraft, motor boats, road rollers, baggage trucks" and certain other inapplicable exceptions. Connecticut General Statutes Section14-1 (30). "`Motorcycle' means a motor vehicle. . .having not more than three wheels in contact with the ground. . . ." Connecticut General Statutes Section 14-1 (29). (emphasis added.)
It is found that based on the common dictionary meaning of "motor vehicle" and its meaning as expressed in Connecticut's motor vehicle statutes, a motorcycle is a "motor vehicle," and therefore, the plain language of Connecticut General Statutes Section 38-175c(a)(1)(B) precludes coverage for this plaintiff.
In the alternative, the Court finds that the meaning of the term "motor vehicle" in sub-part (B) is ambiguous when read within the context of the entire statute, because in sub-part (A), the legislature refers to an uninsured "motor vehicle or a motorcycle," while sub-part (B) refers only to an uninsured motor vehicle. The plaintiff argues that by specifically mentioning motorcycles in part (A), but not in part (B), a reasonable construction of the statute is that the legislature did not intend sub-part(B) to apply to motorcycles. While on its face, this is a reasonable conclusion to draw, the Court nonetheless finds to the contrary because of a subsequent 1985 clarifying amendment to the statute.
Connecticut Public Act No. 85-7 amended sub-part (B) so that Connecticut General Statutes Section 38-175c(a)(1) now provides:
 No insurer shall be required to provide uninsured motorist coverage. . .(B) to any CT Page 4147 insured occupying an uninsured or underinsured motor vehicle or motorcycle that is owned by such insured. (emphasis added.)
"An amendment which, in effect, construes and clarifies a prior statute must be accepted as the legislative declaration of the meaning of the original act." Lee v. Board of Education, 181 Conn. 69, 75 (1980), quoting Tax Commissioner v. Estate of Bissell, 173 Conn. 232, 246 (1977). Such a clarifying amendment declares what the original law always was. See Neyland v. Board of Education, 195 Conn. 174, 180
(1985).
To determine whether a particular amendment is intended to be clarifying, the legislative history of the amendment may be consulted. See State v. Blasko, 202 Conn. 541,557 (1987). Senator Schoolcraft, in moving for passage of Connecticut Public Act No. 85-7, remarked, "this Bill clears up the imbiguity (sic) which currently exists in the Uninsured Motorist Coverage Provisions of Section 38-175c. . . .What this Bill does is to put the owner of an uninsured motorcycle in the same position as the owner of an uninsured automobile so that it clears that both situations would be treated alike." 28 S. Proc., Pt. 2, 1985 Sess., p. 600.
The 1985 amendment to sub-part (B) was a clarifying act and, therefore, is the legislature's declaration of the meaning of the statute as it existed in 1984, at the time of the plaintiff's accident.
For the foregoing reasons, the Court finds that pursuant to the provisions of Connecticut General Statutes Section 38-175c(1)(a)(B), as amended by Connecticut Public Acts No. 83-461, the plaintiff is not entitled to uninsured motorist benefits under the policy issued by the defendant. Accordingly, the Court finds no error in the arbitration award and denies plaintiff's application to vacate the arbitration award.
AUSTIN, J.