[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, all residents of the Town of Clinton, have filed an appeal this court from the defendant Clinton Planning and Zoning Commission's (hereinafter "commission") approval of an application for site plan filed by the defendant Connecticut's Factory Stores, Inc. (hereinafter "Factory Stores") to develop approximately 287,000 square feet of retail property located at 20 Killingworth Turnpike in Clinton.
Approval of the application was published on January 31, 1995 after the commission held public hearings on January 11 and January 25, 1995. Dated February 8, 1995, this action was brought and made returnable March 21, 1995, and an amended appeal was filed April 5, 1995.
The commission filed a motion to dismiss dated April 17, 1995 asserting the claim that the plaintiffs are not statutorily or otherwise aggrieved. This court conducted a hearing on the motion on June 13-15, 1995.
The motion to dismiss may be filed to assert lack of subject matter jurisdiction. Conn. Prac. Bk. § 143; Daley v. Hartford,215 Conn. 14 (1990); Newland v. Board of Education, 195 Conn. 174,177 (1985).
When deciding a motion to dismiss, "the [court's] inquiry usually does not extend to the merits of the case." (Citation omitted.) Southport Manor Convalescent Center, Inc. v. Foley,216 Conn. 11, 16, (1990). Moreover, "t}he motion to dismiss. . . CT Page 8063 admits all well pleaded facts, . . . the complaint being construed most favorably to the plaintiff." (Citation omitted.)Duguary v. Hopkins, 191 Conn. 222, 227 (1983). Subject matter jurisdiction has been defined as "the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Citation omitted.) Grant v. Bassman,221 Conn. 465, 470 (1992). Subject matter jurisdiction is proper "if [the court] has the authority to adjudicate a particular type of legal controversy." Plasis v. Tableman, 223 Conn. 68 (1992).
Simply put, "[subject matter] jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional an statutory provisions by which it is created." State v. Carey, 222 Conn. 299,304-305 (1992). Further, "[o]nce the question of lack of jurisdiction of a court is raised, `[i]t must be disposed of no matter in what form it is presented.' . . . and the court must `fully resolve it before proceeding further with the case.'" (Citations omitted.) Id., 305. The court "should indulge every presumption in favor of the trial court's subject matter jurisdiction." (Citation omitted.) Miko v. Commission on HumanRights and Opportunities, 220 Conn. 192, 198 (1991).
Conn. Gen. Stat. § 8-8(b) addresses the appeal process in cases of this nature. Section 8-8(a)(1) provides "In the case of a decision by a . . . planning commission . . . `aggrieved person' includes any person owning land that abuts, or is within a radius of one hundred feet of any portion of the land involved in the decision of the [commission]." And Section 8-8(j) provides "Any defendant may, at any time after the return date of the appeal, make a motion to dismiss the appeal. If the basis of the motion is a claim that the appellant lacks standing to appeal, the appellant shall have the burden of proving standing . . ."
The plaintiffs, Stanley Gorecki, Eileen O'Donnell and Paul Neri all claim to to be statutorily aggrieved because they own land which abuts or is within a 100 foot radius of the land involved in the commission's decision. However, there was no evidence presented to support these claims by plaintiffs O'Donnell or Neri and the court finds they are not statutorily aggrieved.
In support of Stanley Gorecki's claim that his land is within a 100 foot radius of the subject property, the court received into evidence testimony of and a map prepared by CT Page 8064 Frederick Radcliffe, a licensed civil engineer and surveyor. The map (Pl. Ex. 1), was both a class A-2 and D survey, the points being A-2. Mr. Radcliffe's map shows the northeast corner of the subject property (n/f Victor Melnichuck) to be 98 feet from Gorecki's southwest corner across Walnut Hill Road. To rebut the Radcliffe testimony and map, defendants introduced five A-2 surveys (three of which are recorded in the Clinton Town Clerk's Office), all of which show the subject property to have its northeast point an iron pipe in a stonewall, some distance from the point established by Radcliffe, and, at its closest point, more than 102 feet away from Gorecki's southwest corner.[1] It is this court's finding that the credible evidence supports the fact that Gorecki's property does not fall within the 100 foot radius set forth in Conn. Gen. Stat. § 8-8(a)(1). Thus, the court finds that plaintiff Gorecki is not statutorily aggrieved.
The complaint alleges that all the plaintiffs (including Gorecki, O'Donnell and Neri) are classically aggrieved. Aggrievement may be found if the plaintiffs "successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. [In addition], the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision.'" Walls v. Planning Zoning Commission, 176 Conn. 475,477-478 (1979). This is known as "classical aggrievement." See Mystic Marinelife Aquarium, Inc. v. Gill, 175 Conn. 483, 491-493
(1978).
All the plaintiffs own property within the general vicinity of the proposed shopping facility. The plaintiffs aver they will have to endure delays in getting out of their driveways and street as a result of the increased traffic in the area and, further, that this increased traffic will present a safety hazard for themselves and their families. In support of these contentions, plaintiffs offered a report by DLS Consulting (Pl. Ex. 14) together with testimony from David L. Spear, a professional engineer and principal of DLS. At the same time, the court received into evidence the Traffic Impact Site Access Study (Pl. Ex. 15) prepared by Factory Stores' engineers. It was this study which was used by the commission in connection with its decision and it contained recommendations and conclusions beginning on page 26 of the report. It concludes by stating, "Based on the above, the addition of the Connecticut's Factory CT Page 8065 Stores will have a negligible impact on traffic operations within the site vicinity." Plaintiffs' traffic expert was unable to testify with any specificity what recommendations of Exhibit 15 were to be implemented and what effect they would have on the plaintiffs' claims of traffic queuing problems at or near their homes. For example, he could not testify as to what the signal timing would be for the proposed overhead signals in the immediate area; as a result, the court found his testimony failed to support the plaintiffs' statutory burden with respect to aggrievement. His testimony and report presented no credible evidence to this court to refute the appellee's traffic report which was reviewed by the commission and the State Highway Commission.
The testimony of each plaintiff failed to establish that any of them would be specifically and injuriously affected by the commission's decision. Indeed, some testified that their concerns would be the same even if they resided farther from the site, clearly demonstrating to the court that no legally protected interest would be adversely affected and that their concerns were not distinguishable from the public at large.Connecticut Resources Recovery Authority v. Planning ZoningCommission, 225 731, 739 n. 12 (1993). The question of aggrievement is one of fact to be determined by the trial court on appeal. Primerica v. Planning Zoning Commission, 211 Conn. 85,93 (1989). This court finds that the relevant credible evidence shows that the plaintiffs have failed to demonstrate a specific, personal and legal interest which is distinguished from a general interest which might be on concern to all members of the Clinton community in that section of the town.
"Unless the plaintiff alleges and proves aggrievement, his case must be dismissed. (Citation omitted.) Aggrievement presents a question of fact for the trial court." Fuller v. P. Z. Commission, 21 Conn. App. 340 (1990).
After giving due deference to the plaintiff's claims, the court finds they did not sustain their burden of proving aggrievement using a fair preponderance of the evidence as the standard of proof.
The defendant's Motion to Dismiss is hereby granted.
STANLEY, J. CT Page 8066
Judgment Entered in accordance with foregoing Memorandum of Decision. Jonathan W. Field, Deputy Chief Clerk