[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
This complaint accompanied by an application for an order to show cause and an injunction was presented to the court on July 22, 1996. Judge Silbert ordered the defendants be summoned to appear on August 19, 1996. The matter was continued until September 4, 1996, at which time a hearing was held.
The defendants moved to dismiss this action for lack of subject matter jurisdiction contending that the action was on appeal predicated upon the Uniform Administrative Procedures Act (UAPA) 4-183. The facts as alleged in the three count complaint charge the Hamden Board of Education and Lisa Norwood in her official capacity as principal of Hamden Middle School with a violation of the plaintiff's state and federal due process rights guaranteed by the United States Constitution and the Constitution of the State of Connecticut (Counts one and two). The third count alleges the 180-day expulsion of the plaintiff violated the plaintiff's civil rights protected by 42 U.S.C. § 1983.
The court denied the defendant's motion to dismiss. While it is true that the UAPA affords no right to appeal a 10-233d
expulsion since 4-166(1) specifically excludes Boards of Education; Neyland v. Board of Education, 195 Conn. 174 (1985);Lee v. Board of Education, 181 Conn. 69 (1980); Perry v.Wallingford Board of Education, et al, No. CV94-3612571994 Ct. Sup. 7852 (1994); the plaintiff's complaint is based on the school board's alleged violations of plaintiff's state and federal procedural and substantive due process rights to a free public education which are within this court's jurisdiction.
Plaintiff challenges the Board's finding of fact as constitutionally deficient and the Board's imposition of a new expulsion policy without notification to students and parents as a violation of state law and adopted policy.
To be entitled to a temporary injunction a plaintiff bears the burden of establishing a probability of success on the merits, that it does not have an adequate remedy at law, and that a substantial and irreparable injury is imminent, denial of temporary relief will cause plaintiff greater harm than will be suffered by the defendant. Connecticut Assn. of ClinicalLaboratories v. Blue Cross, Inc., 31 Conn. Sup. 110, 113 (1973). In addition plaintiff must show that protectable interests are at stake. In any event, the granting of a temporary injunction lies within the sound discretion of the court. Covenant Radio Corp. v.Ten Eighty Corp., 35 Conn. Sup. 1 (1977). CT Page 5357
The evidence brought forth at the hearing enables the court to find that the expulsion order was dated April 15, 1996. (Exh. 7). Plaintiff has not attended a public school since then although the order provided that he was eligible for home bound teaching. Since the order plaintiff has attended a private school.
The plaintiff has asserted a sufficient interest to give him standing before the court. Fair public education is a fundamental right in Connecticut. Horton v. Meskill, 172 Conn. 615, 645. By letter of April 1, 1996, (Court Exhibit 5) addressed to the plaintiff's parents the Hamden School superintendent notified the plaintiff's parents that the school administration would recommend that plaintiff be expelled from school for disciplinary reasons for up to 180 days. The letter indicated that a hearing on this recommendation would take place before the board pursuant to §§ 10-233a through 10-233d of the General Statutes, and the hearing would be conducted in accordance with General Statutes §§ 4-177 through 4-180 inclusive. The letter advised the parents of the right to testify, produce evidence, examine and cross examine witnesses to be represented by counsel and to obtain a copy of the verbatim record of the hearing. These procedural safeguards are provided in the statute § 10-233d. The title of statute is "Expulsion of Students. Hearing format". The statute requires a formal hearing pursuant to §§ 4-176e to4-180a and § 4-181a. In the case of a minor as is the case here, the notice required by §§ 4-177 and 4-180 shall also be given to the parents or guardian of the pupil. Board policy P-5114-1 (Court Exhibit 1) entitled Procedures Governing Expulsion tracks the statute. These procedures governing removal are also publicized to parents and students. (Court Exhibits 2 and 3).
The letter further advised the parents that the recommendation for expulsion was based on the belief that the conduct of plaintiff on the property of Hamden Middle School during a scheduled school day, specifically, March 18, 1996, constituted conduct which violated a publicized policy of this school board. More specifically, the administration contends that on March 18, 1996, plaintiff's conduct was in clear violation of Board of Education Policy P-5114, in that his conduct caused a clear threat of danger to the physical well-being of himself and/or others and that he was in possession of a dangerous object that had no educational use. CT Page 5358
The plaintiff was in possession of a penknife while riding on a school bus and somehow the knife cut another student. The plaintiff admitted possessing the knife on the occasion the boy was cut but contended it was an accident.
The Hamden Board of Education had in effect on March 18, 1996, a policy on expulsion, P-5114-1. (Court Exhibit 1) Section I-D defined expulsion as an exclusion of a student from school for disciplinary reasons by the Board of Education for a period of more than ten (10) days but not extending beyond one hundred and eighty (180) consecutive school days. The policy pursuant to10-233d was adopted.
Section III is entitled "Actions heading to . . . Expulsion."
A. The following breaches of conduct on school property, school transportation, en route to or from school . . . may, depending on the particular circumstances, lead to . . . expulsion for violation of a publicized policy of the Board.
1. Conduct causing a threat or danger to the physical well-being of himself, herself or others.
10. Possessing, transmitting or discharging any fireworks, weapons, explosives or other dangerous objects of no reasonable educational use to the student.
This policy was publicized to the students (Court Exh. 3) and to parents (Court Exhibit 2) (Plaintiff's Exhibit 1).
The plaintiff does not claim that the hearing before the Board of Education violated the procedural due process guaranteed by the statute except as to those contained in 4-180(c) to wit:
"A final decision in a contested case shall be in writing or orally stated on the record, and if adverse to a party, shall include the agency's findings of fact and conclusions of law necessary to the decision."
The original notice of the hearing referred to the student's conduct causing a threat of danger to the physical well-being of himself and/or others and that he was in possession of a dangerous object that had no educational use. (Court Exhibit 5).
The Board's notice of expulsion addressed to the parents CT Page 5359 contained the following findings and decisions:
-that Daniel violated Policy 5114 by being in possession of a dangerous weapon (Court Exhibit 7).
Plaintiff contends that the finding and conclusion are inadequate in view of the requirements of 4-180(c). Plaintiff takes this position because of the absence of express language finding that a knife albeit a penknife is a weapon and a failure to state that the weapon had no reasonable educational value. The court disagrees. The hearing was based on [an] incident wherein the plaintiff possessed a knife, characterized in the original notice as a dangerous object, in the decision notice as a weapon. Lay boards of education are not held to the technical standards of legal craftsmen. The court can find no prejudice to the plaintiff in the language or adequacy of the decision notice of April 15, 1996.
In arriving at this conclusion, the court notes that the plaintiff does not challenge the constitutionality of the statutes §§ 10-233a through 10-233d, which authorizes local Boards of Education to exercise discretionary power to expel . . . any student whose conduct endangers persons or property or whose conduct on or off school grounds is seriously disruptive of the educational process, or is violative of a publicized policy of such board. Further, the plaintiff does not challenge policy P-5114-1 as ultra vires or vague or prohibiting conduct substantively protected by the state or federal education regardless of the fairness in implementing the policy. The expulsion policy that falls within the authority granted by state law was carefully drafted and fairly applied. Nevertheless, it should not be applied in an arbitrary or oppressive fashion or as a pretext for cloaking a policy unauthorized by law or unpublicized to either parents or students.
Plaintiff claims that defendants applied such an unauthorized policy at the hearing on the temporary injunction. In order to prove its existence, plaintiff offered testimony of a board member, the school superintendent and a school principal. Each witness denied the existence of a zero tolerance policy. Such a policy would mandate the maximum expulsion allowed by the board's policy, 180 days once it was determined after a 10-233d hearing that a violation had occurred. Such a policy would abort the discretion permitted by both the statute and board policy and totally negate the case to case decision making process required CT Page 5360 by law and policy.
After weighing all the evidence offered and giving consideration to the credibility of the witnesses, the court concludes that plaintiff has failed to prove the existence of such an unauthorized policy. For all these reasons the court cannot find a basis for concluding that there is a likelihood that the plaintiff will prevail in the merits of this case at a final hearing.
Accordingly, the temporary injunction is denied.
Dorsey, J.