[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is a claim for damages for personal injuries brought by the plaintiff, Wayne E. Walrath, against the defendant, St. Thomas More School, Inc. The defendant has moved for summary judgment against the intervening plaintiff, Pepsi-Cola Company of New England.
The plaintiff filed a one count complaint against the defendant in which he alleges that he slipped and fell on a wet floor while delivering Pepsi-Cola product to the defendant's school cafeteria. The plaintiff further alleges that he received workers' compensation benefits paid by his employer, the intervening plaintiff, for temporary total disability and for medical expenses incurred as a result of his injuries. The intervening plaintiff filed an intervening complaint in which it seeks reimbursement for the amounts it has paid and has become obligated to pay to the plaintiff under the workers' compensation act.
The defendant moves for summary judgment against the intervening plaintiff on the ground that the intervening plaintiff failed to timely intervene in this action under General Statutes § 31-293 (a). Specifically, the defendant argues that the intervening plaintiff was required to intervene within thirty days of receipt of statutory notice. The defendant states that it provided notice of this action to the intervening plaintiff on October 6, 1995, and that the intervening plaintiff filed its motion to intervene on November 29, 1995, beyond the thirty day statutory period. The defendant maintains that there is no genuine issue of material fact that the motion was filed after the expiration of the thirty day period and that it is entitled to judgment as a matter of law under Rana v. Ritacco,236 Conn. 330 (1996). In support of its motion the defendant filed an uncertified copy of the notice it sent to the intervening plaintiff. CT Page 253
The intervening plaintiff opposes the motion for summary judgment, arguing that, according to the Appellate Court's decision in Rana v. Ritacco, 36 Conn. App. 635 (1995), it could intervene within thirty days of the return date, which it did in this case. The intervening plaintiff further argues that the Appellate Court decision was the applicable law at the time the motion to intervene was granted and that the Supreme Court's decision should not be applied retroactively.
"The standard of review of a trial court's decision to grant a motion for summary judgment is well established." HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202
(1995). Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. " Practice Book § 384. In ruling on a summary judgment motion the court is obliged to accept as true all well pleaded facts and the evidence offered in opposition to the motion, and to determine whether the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery. Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 110 (1994).
"General Statutes § 31-293 grants to an employer who has paid workers' compensation a right to join as a party plaintiff in actions by employees against third party tortfeasors . . . provided that the right is exercised in a timely fashion." (Citation omitted; internal quotation marks omitted.) Rana v.Ritacco, supra, 236 Conn. 335. The statute "authorizes reimbursement to the employer when the employer properly intervenes in the employee's action against the third party tortfeasor and damages are recovered." Quire v. Stamford,231 Conn. 370, 375 (1994). As amended by No. 96-65 of the 1996 Public Acts, General Statutes § 31-293 (a) states, in part:
 [A]ny employer . . . having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against . . . [a person legally obligated to pay damages] to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. If the employee, the employer or the custodian of the second injury fund brings an action against such person, he shall immediately CT Page 254 notify the others, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable and the others may join as parties plaintiff in the action within thirty days after such notification, and, if the others fail to join as parties plaintiff, their right of action against such person shall abate.
The facts of Rana are similar to the present case. In Rana,
the plaintiff, while acting in the course of her employment, was injured when she slipped and fell in a hallway leading to her office. Rana received worker's compensation benefits from her employer as a result of her injuries. Later, she initiated a third party action against the maintenance company allegedly responsible for the slippery condition of the floor. The writ, summons and complaint in that action were delivered to the sheriff on December 20, 1990, who served the defendant on December 27, 1990. Service was returned to the Superior Court on January 7, 1991. Pursuant to the notice requirements of §31-293 (a), Rana mailed a certified letter to her employer on December 20, 1990, along with a copy of the writ, summons and complaint. Over two years later, the employer moved to intervene in the action. Rana objected on the ground that the motion was not filed within thirty days of receipt of notice as required by § 31-293 (a). The trial court, Hendel, J., agreed with the plaintiff and denied the employer's motion.
On appeal, the Appellate Court determined that the time limit in § 31-293 (a) applies only where notice is properly given.Rana v. Ritacco, supra, 36 Conn. App. 638. The court stated that proper notice requires that the potential intervenor be notified that an action has been brought and the court to which the action is returnable. According to the court, an action is brought when service of process is made upon a defendant and returned to court. The court held that because Rana notified her employer of the third party action prior to the date the writ was returned, the notice was improper and the employer could intervene at any time. Under the Appellate Court's decision, it appears that the statutory notice requirement in § 31-293 (a) begins to run from the date of return of service to the court.[1]
The Supreme Court reversed, relying on the long-established rule that an action is brought once the writ, summons and complaint are served upon a defendant. The court noted that the CT Page 255 language of § 31-293 (a) does not indicate that service must be completed before notice can be sent. The court refused to impose the "additional" requirement that service must be returned to court before an action is considered "brought" under §31-293 (a). Thus, under the Supreme Court's decision, the thirty day statutory period begins to run from the date of receipt of notice.
If the Supreme Court's decision applies retroactively, the defendant's motion for summary judgment should be granted because the intervening plaintiff's failure to intervene within thirty days of receipt of notice would be fatal to its claim. The Supreme Court has not addressed the retroactive effect of a decision in which it has reversed the Appellate Court on an issue of first impression. The court has discussed the retroactivity of overruling decisions, which analysis is helpful in resolving the present motion.
"The extent to which an overruling decision will be applied retroactively is now generally held to be a matter for the overruling court to determine. As a matter of constitutional law, retroactive operation of an overruling decision is neither required nor prohibited. Accordingly, most courts now treat the question of how an overruling decision should operate as one of judicial policy rather than of judicial power, and recognize that varying results may be reached, depending on the particular circumstances presented and the particular rule affected." (Internal quotation marks omitted.) Hodge v. Hodge,178 Conn. 308, 321 (1979).
Connecticut has adopted the analysis of the federal courts in determining the retrospective effect of new decisions. Neyland v.Board of Education, 195 Conn. 174, 179 (1985). A tripartite test must be met before a judicial decision will be applied prospectively only. Id., citing Chevron Oil Co. v. Huson,404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).[2] First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression; second, the court must weigh the merits and demerits in each case by looking to the history of the rule, its purpose and effect, and whether retrospective operation will further or retard its operation; third, the court must weigh the inequity imposed by retroactive application to avoid "substantial inequitable results." Id., quoting Chevron Oil Co. v. Huson,
CT Page 256 supra, 106-07.
The Supreme Court's decision in Rana may be said to have established a new principle of law because it reversed an Appellate Court decision relied upon by a litigant on an issue of first impression. The statutory requirements for timely intervention under § 31-293 (a) evidently were not clearly established prior to that decision. It is noted, however, that the Supreme Court's decision may also be understood as having clarified and declared existing law under § 31-293, rather than as having established a new principle of law. Secondly, retroactive application of the Supreme Court's decision would thwart the purpose of the statute. "By authorizing an employer to obtain reimbursement for workers' compensation benefits from a third party tortfeasor . . . [§ 31-293] implements the public policies of preventing double recovery by an injured employee . . . and thereby containing the cost of workers' compensation insurance." (Citations omitted; internal quotation marks omitted.) Rana v. Ritacco, supra, 236 Conn. 335. Thirdly, it would be inequitable in this case not to limit the decision to prospective application. Under the Supreme Court's decision, the intervening plaintiff must have intervened by November 6, 1995, assuming that it received notice on the same day service of process was made on the defendant, a fact not established by the record. The intervening plaintiff filed the motion to intervene on November 29, 1995, twenty-three days after November 6, 1995. The filing date was not substantially later than November 6, 1995, and the defendant has not suggested that it was in any was prejudiced.
As noted by the Neyland court, "[t]he liberal approach to nonretroactivity taken in Chevron Oil and similar cases stems from an erosion of the view `that where a court overrules a previous decision the effect is not to make a change in the law but to recognize that the court was mistaken in its first declaration of it and to establish that the law always was as stated in the later decision.'" Neyland v. Board of Education,supra, 195 Conn. 180, quoting Mickel v. New England Coal Coke
Co., 132 Conn. 671, 676 (1946). There are exceptions even to this principle, however, "where contracts have been made or rights have become vested, or perhaps other action has been taken, under the original decision. The basis of these exceptions is the essential injustice of applying the law as declared in the later decision to situations where parties have acted in reliance upon that stated in the earlier case." Mickel v. New England, supra, CT Page 257 676. The principles espoused in Neyland and Mickel militate toward limiting Rana to prospective application.
The defendant cites McDonald v. Barako, Superior Court, judicial district of Danbury, Docket No. 321647 (May 29, 1996, Leheny, J.). In McDonald, the plaintiff brought a negligence action against the defendant for injuries arising out of an automobile accident. The plaintiff's employer filed a motion to intervene, to which McDonald objected on the ground that the motion was untimely under § 31-293 (a). In response, the employer claimed that McDonald's notice letter did not satisfy § 31-293 (a) because it was sent prior to filing the complaint and prior to service upon the defendant. Under the Appellate Court's decision in Rana, the employer argued, notice must be given after service of process on the defendant and return of service to the court. When the Supreme Court reversed the Appellate Court, McDonald filed a supplemental objection. McDonald claimed that the employer's argument that notice was defective was no longer legally sound. The employer argued, however, that the Supreme Court's decision should not be applied retroactively since the Appellate Court's decision was the law at the time of the allegedly defective notice.
The court found the employer's argument without merit and held that the Supreme Court's decision was controlling. The court stated that "`[p]rocedural decisions involving jurisdiction, such as standing to appeal, are generally held to be retroactive and to apply to pending cases' . . . While this case does not involve standing to appeal, it does involve a procedural matter that affects a party's right to intervene in a pending case. Accordingly, the Supreme Court's holding in Rana applies to this case." (Citation omitted.) Id.
McDonald is distinguishable from the present action. Although the motion to intervene in McDonald was filed prior to the Supreme Court's decision in Rana, the motion was pending at the time the decision was rendered. Accordingly, the Supreme Court's decision was controlling in ruling on the motion to intervene. In the present action, the motion to intervene was filed, argued and granted by the court before the Supreme Court rendered its decision. While the issue of retroactivity of Rana may be properly at issue in this action, it was not properly at issue inMcDonald.
For the reasons stated above, the court finds that the CT Page 258 decision in Rana v. Ritacco, supra, 236 Conn. 330, does not apply retroactively against an intervening plaintiff whose motion to intervene was granted prior to the issuance of the decision. Accordingly, the defendant's motion for summary judgment is denied.
Hendel, J.