[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION, RE: MOTION #110 MOTION TO DISMISS 
By way of a Second Revised Complaint, dated November 26, 2001, the plaintiff filed an action in five counts. The First and Second Counts sound in a breach of contract. The Third Count sounds in negligence and the Fourth sounds in an intentional infliction of emotional distress. The Fifth Count sounds in unfair insurance practices.
Plaintiff asserts that on or about September 1995, the defendant, in consideration of a premium issued to the plaintiff "McCoy Williams" a policy insuring the plaintiff's residential mortgage against a loss for disability and death.[1] The plaintiff further asserts that on or about September 15, 2000, the subject policy and a policy limit of one thousand dollars ($1,000) per month for a total of one hundred and twenty (120) months. On or about September 18, 1995, the life insurance benefit was one hundred thousand dollars ($100,000).
On or about September 18, 1995, McCoy Williams became totally disabled. The plaintiff alleges that as a result of Mr. Williams' disability, the defendant had a duty to provide disability coverage in the amount of one thousand dollars ($1,000) per month for one hundred and twenty (120) months, but they have breached said duty.
In the Second Count of the Complaint, the plaintiff alleges that she and McKoy Williams refinanced their residential mortgage, but the defendant through intentionally fraudulent and negligent acts refused to make credit life or disability insurance available to the them.
On December 20, 2001, the defendant filed a Motion to Dismiss the instant action for reason that "the plaintiff lacks standing as she has failed to allege that she was a party to the defendant's insurance contact nor a third-party beneficiary thereto." Our case law is clear that standing implicates the court's subject matter jurisdiction: .
. . "Where a plaintiff lacks standing to sue, the court is without subject matter jurisdiction." Steeneck v. University of Bridgeport, 235 Conn. 572, 580, 668 A.2d 688 (1995). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Salmon v. Dept. of Public Health Addiction Services, 58 Conn. App. 642, 649, 754 A.2d 828, cert. granted on other grounds, 254 Conn. 926, 761 A.2d 754 (2000).
CT Page 4192Ardito v. Olinger, 65 Conn. App. 295, 300 (2001).
 "Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. 1 Restatement (Second), Judgments 11." Craig v. Bronson, 202 Conn. 93, 101, 520 A.2d 155 (1987). "`[A] court lacks discretion to consider the merits of a case over which it is without jurisdiction. . . .'" Neyland v. Board of Education, 195 Conn. 174, 181, 487 A.2d 181 (1985), quoting Firestone Tire Rubber Co. v. Risjord, 449 U.S. 368, 379, 101 S.Ct. 669, 66 L.Ed.2d 571
(1981). "The objection of want of jurisdiction may be made at any time . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention." (Internal quotation marks omitted.) Doe v. Heintz, 204 Conn. 17, 35, 526 A.2d 1318 (1987); Woodmont Assn. v. Milford, 85 Conn. 517, 524, 84 A. 307 (1912). "The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings. . . . If at any point, it becomes apparent to the court that such jurisdiction is lacking, the appeal must be dismissed." Laurel Park, Inc. v. Pac, 194 Conn. 677, 679 n. 1, 485 A.2d 1272
(1984); see also Practice Book 145.
 Lewis v. Gaming Policy Board, 224 Conn. 693, 698 (1993).
The defendant asserts that the plaintiff lacks standing to prosecute the instant action for reason that she did not "allege that she was a party to the defendant's insurance contract nor a third-party beneficiary thereto".
The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . Beaudoin v. Town Oil Co., 207 Conn. 575, 587-88, 542 A.2d 1124
(1988), and cases cited therein. Although essential allegations may not be supplied by conjecture or remote implication; Cahill v. Board of Education,
supra, 236; the complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties. Price v. Bouteiller, 79 Conn. 255, 257, 64 A. 227
CT Page 4193 (1906). As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery. Tedesco v. Stamford, 215 Conn. 450, 459, 576 A.2d 1273 (1990), on remand, 24 Conn. App. 377, 588 A.2d 656 (1991), rev'd, 222 Conn. 233, 610 A.2d 574 (1992).
Travelers Insurance Company v. Namerow, 257 Conn. 812, 832 (2001).
Although the plaintiff does not use explicitly state that she was a party to the defendant's contract, nor explicitly state that she is a third party beneficiary to said contract, upon reviewing the plaintiff's complaint in its entirety and construing it broadly and realistically this Court comes to the conclusion that sufficiently shows that the plaintiff has standing to prosecute this action. The Motion to Dismiss isdenied.
_________________________ Richard A. Robinson, J April 8, 2002