[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: ISSUE OF SUBJECT MATTER JURISDICTION RAISED SUA SPONTE
The plaintiff, World Savings Loan Association (hereinafter "World") is a corporation organized and existing under the laws of Texas. The defendant, Easter Hammond was the owner of real property in the City of New Haven. Said property is located at 67 Curtis Drive, New Haven, CT.
This matter involves a foreclosure of a mortgage and came to the Court's attention for reason of a hearing on a Motion to Open Judgment 
Extend Sale Date. Upon reviewing the file in this matter the Court noted that on August 23, 2001, the plaintiff moved to add additional parties, including, but not limited to "Toya S. Hammond-Simmons, Administratrix of the Estate of Easter G. Hammond". Said motion provides in pertinent part that: "Easter G. Hammond died on March 2, 2001. Upon determining the date of the defendant's death, the Court reviewed the file, including, but not limited to the Sheriff's Return and determined that the defendant was "served" on March 13, 2001.
In light of the date of death and the date of the Sheriff's return, the Court, sua sponte inquired of the parties as to whether it had subject matter jurisdiction over the matter.
The trial court may raise sua sponte the issue of subject matter jurisdiction.
Greco v. Commr. of Motor Vehicles, 61 Conn. App. 137, 143 (2000). CT Page 5893
In addition to giving the parties the opportunity to address the issue at the motion hearing, the Court gave the parties additional time to submit briefs on the jurisdictional issue that it had raised.
 It is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. Sasso v. Aleshin, 197 Conn. 87, 89, 495 A.2d 1066
(1985). Practice Book 145 provides: "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after the suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."
 "Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. 1 Restatement (Second), Judgments 11." Craig v. Bronson, 202 Conn. 93, 101, 520 A.2d 155 (1987). "`[A] court lacks discretion to consider the merits of a case over which it is without jurisdiction. . . .'" Neyland v. Board of Education, 195 Conn. 174, 181, 487 A.2d 181 (1985), quoting Firestone Tire Rubber Co. v. Risjord, 449 U.S. 368, 379, 101 S.Ct. 669, 66 L.Ed.2d 571
(1981). "The objection of want of jurisdiction may be made at any time . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention." (Internal quotation marks omitted.) Doe v. Heintz, 204 Conn. 17, 35, 526 A.2d 1318 (1987); Woodmont Assn. v. Milford, 85 Conn. 517, 524, 84 A. 307 (1912). "The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings. . . . If at any point, it becomes apparent to the court that such jurisdiction is lacking, the appeal must be dismissed." Laurel Park, Inc. v. Pac, 194 Conn. 677, 679 n. 1, 485 A.2d 1272
(1984); see also Practice Book 145.
 Lewis v. Gaming Policy Board, 224 Conn. 693, 698 (1993).
 It is axiomatic that if the court lacks subject matter jurisdiction, it is without power to hear the matter before it. Therefore, the court must determine the jurisdictional issue "before it can move one further step in the cause; as any movement is CT Page 5894 necessarily the exercise of jurisdiction."
 Pinchbeck v. Department of Public Health,65 Conn. App. 201, 208 (2001).
It is well settled law in this state that an action commenced against a person who is deceased is null and void for reason of lack of subject matter jurisdiction.
 A judgment in an action begun and prosecuted against a defendant who is dead when it was begun, is null and void and may be attacked collaterally as well as directly.
 O'leary v. Waterbury Title Co., 117 Conn. 39, 47 (1933).
 "[A] dead person is a non-existent entity and cannot be a party to a lawsuit," and therefore, the action was null and void from its inception.
 Joyner v. Hmurcik, No. CV98 035 04 26 (Oct. 19, 1999), 1999 Ct. Sup. 13848, 13849 (Skolnick, J).
The defendant in the instant action died on March 2, 2001. The plaintiff did not serve said defendant until March 13, 2001. This date is nine days after the death of the defendant. The substitution of the Administratrix after the commencement of the action does not cure the jurisdictional issue for reason that if the Court does not have jurisdiction at the commencement of the case it cannot acquire it. during the plaintiff's prosecution of it.[1]
For the foregoing reasons, the instant action is dismissed for lack of subject matter jurisdiction. So ordered.
Richard A. Robinson, J May 8, 2002